# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ED EDGAR, | Case No.: 1:10-cv-00346 LJO JLT |
| Plaintiff, | ORDER TO W. ROD MCCLELLAND TO FILE A PLEADING TO REMOVE HIMSELF FROM THIS CASE OR TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR HIS FAILURE TO COMPLY WITH COURT ORDERS |
| v. | |
| S.A. RECYCLING AND/OR SIMMS METAL MANAGEMENT, ET AL., | ORDER CONTINUING SCHEDULING CONFERENCE |
| Defendants. | (Doc. 19) |

Before the Court is the request of the Defendants to continue the scheduling conference from July 29, 2010 to September 23, 2010. (Doc. 19 at 5) The Scheduling Conference had been scheduled to be heard, originally, on June 1, 2010. (Doc. 7) However, because Plaintiff had failed to serve the new case documents on the Defendants, they and their counsel were unaware of the scheduling conference. (Doc. 13 at 3) Also, Plaintiff had failed to serve named defendants S.A. Recycling and/or Simms Metal Management dba Golden State Metals. Id.  As a result, the Court continued the Scheduling Conference to July 29, 2010. (Doc. 14)

Currently, the Defendants have provided evidence that Plaintiff's counsel of record, W. Rod McClelland, Jr., has reported that he no longer represents Plaintiff. (Doc. 19 at 3) Although Defendants alerted Mr. McClelland on July 15, 2010, that he remains counsel of record in this

1

case, he has failed to take steps to remove himself from the matter. (Doc. 19 at 3-4) Moreover, no other attorney has substituted in Mr. McClelland's place, he has failed to return counsel's e-mails related to his representation and has failed to meet and confer with the Defendants regarding the upcoming Scheduling Conference. Id.

Defendants report also, that they have been informed that another attorney, Mr. Lovretovich, he has agreed to represent Plaintiff but has "had some trouble securing the file." (Doc. 19 at 4) Defendants reminded Mr. Lovretovich that he had not yet substituted into the case officially and that Mr. McClelland remains the counsel of record. Id. Thus, Defendants and Mr. Lovretovich have been unable to discuss the substantive issues required to prepare their joint statement and have been unable to stipulate to continued the Scheduling Conference. Id.

On February 26, 2010, the Court issued its "Order Setting Mandatory Scheduling Conference." That Order set forth the obligations of counsel related to the Scheduling Conference. The Order reads,

> "The Court is unable to conduct a scheduling conference until defendants have been served with the summons and complaint. Accordingly, plaintiff(s) shall diligently pursue service of summons and complaint and dismiss those defendants against whom plaintiff(s) will not pursue claims."

(Doc. 7 at 1) The Order continues,

> It is the obligation of counsel for the plaintiff(s) to serve a copy of this Order on the defendant(s), or, if identified, on their counsel, promptly upon receipt of this Order, and to file an appropriate proof of such service with the Court, in compliance with Rule 135(a) of the Local Rules of Practice for the Eastern District of California.

Id. at 2. Notably, the Order sets forth the duty of counsel to meet and confer as to the substantive issues outlined therein. The Order reads,

> At least twenty (20) days prior to the Mandatory Scheduling Conference, the actual trial counsel for all parties shall conduct and conclude a conference at a time and place arranged by counsel for the plaintiff(s). This conference should preferably be a personal conference between all counsel but, due to the distances involved in this District, a telephonic conference call involving all counsel is permissible.

Id. at 3-4. The Court provides also, "Duty to Meet and Confer. The parties shall meet and confer regarding the following matters during the Fed.R.Civ.P. 26(f) conference: . . ." Id. at 6.

Finally, the Order reads,

> **SHOULD COUNSEL OR A PARTY APPEARING PRO SE FAIL TO APPEAR AT THE MANDATORY SCHEDULING CONFERENCE, OR FAIL TO COMPLY WITH THE DIRECTIONS AS SET FORTH ABOVE, AN EX PARTE HEARING MAY BE HELD AND JUDGMENT OF DISMISSAL, DEFAULT, OR OTHER APPROPRIATE JUDGMENT MAY BE ENTERED, OR SANCTIONS, INCLUDING CONTEMPT OF COURT, MAY BE IMPOSED AND/OR ORDERED.**

Id. at 8, emphasis in the original.

Based upon the foregoing, the Court finds that there is good cause to continue the Scheduling Conference once again, to September 23, 2010 at 9:00 a.m. The parties are ordered to comply with the February 26, 2010 Order (Doc. 7) related to the preparation and filing of the Joint Statement.

Moreover, it appears to the Court that Plaintiff's attorney of record, W. Rod McClelland, Jr., has failed to comply with the Orders of the Court and due to his conduct the progress of this case has been excessively delayed.

Therefore the Court **ORDERS**:

1. The Scheduling Conference currently set on July 29, 2010, will be continued to September 23, 2010 **at 10:00 a.m.**,

2. No later than July 30, 2010, W. Rod McClelland, Jr. shall file whatever pleading he deems necessary to remove himself from as the attorney of record and he shall cooperate with Plaintiff or his new counsel in taking on the prosecution of this case; **OR** no later than July 30, 2010, he shall show cause why sanctions should not be imposed for his repeated failures to comply with the Court's Orders detailed above;

3. Defendants are ordered to serve a copy of this Order on Mr. Lovretovich and file proof of service with this Court no later than July 27, 2010.

IT IS SO ORDERED.

Dated:  **July 22, 2010**           /s/ **Jennifer L. Thurston**
                                         UNITED STATES MAGISTRATE JUDGE